People v Sadridinov (2025 NY Slip Op 51792(U))

[*1]

People v Sadridinov

2025 NY Slip Op 51792(U)

Decided on November 13, 2025

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 13, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Fakhridin Sadridinov, Defendant

Docket No. CR-028895-25KN

Prosecution: Kings County District Attorney's Office by ADA Xavier Martinez
Defendant: The Legal Aid Society by Sean Dalton, Esq.

Joshua Glick, J.

Defendant moves for an order of dismissal on speedy trial grounds alleging that omissions in the Prosecution's automatic discovery renders their Certificate of Compliance (COC) and Statement of Readiness (SOR) illusory.
The Prosecution opposes.
For the reasons explained more fully herein, Defendant's motion is DENIED.
BACKGROUND AND PRIOR PROCEEDINGS
On June 15, 2025, Defendant was arraigned on a misdemeanor complaint charging Assault in the Third Degree and related offenses which included alleged incidents on two separate dates (PL §120.00[1]). On September 11, the Prosecution served and filed a Superseding Information (SSI) which included new charges related to a third alleged incident. On September 12, the Prosecution served and filed their COC and SOR. On September 29, the parties appeared in Part DV1, where the Court re-arraigned Defendant on the SSI and adjourned the case for challenges to the COC. On October 3, the Prosecution served and filed a Supplemental Certificate of Compliance (SCOC) with additional discovery. On October 10, Defendant, through counsel, sent a discovery conferral email requesting several materials. On October 13, the Prosecution responded, including one of the requested items and agreeing to seek out the others. On October 15 and 16, the parties engaged in further conferral about discovery. On October 16, the Prosecution served and filed another SCOC with additional discovery. On October 17, Defendant filed the instant motion.
Defendant argues that the Prosecution's failure to disclose the following items of discovery prior to filing their COC renders it invalid: body-worn camera (BWC) metadata, photos of the complainant's injuries, the complainant's medical records, and notes from the complainant to police officers on scene. Defendant further argues that the Prosecution has demonstrated a lack of due diligence.
The Prosecution argues their COC and SOR were filed in good faith after exercising due [*2]diligence, as required by CPL §245.50(1). As evidence of their diligence, they point out the volume of discovery provided as compared to the relatively small number of contested items, their responsiveness and cooperation in conferring, and the speed with which they began providing discovery in the case. Addressing the specific items, they admit to overlooking the metadata, but contend that the mistake does not undermine their diligent efforts. They assert that they shared all photos of the complainant's injuries that were in their possession; the complainant failed to share the remainder until they followed up after conferral. As to the medical records, they argue they are not required for a valid COC, as they were not in the Prosecution's custody or control, and they issued subpoenas for them on July 3. Finally, they argue that the notes made by the complainant are not in their custody or control, but that they made diligent efforts to obtain them following Defendant's conferral.
RELEVANT LAW
Pursuant to the automatic discovery provisions of CPL §245.20(1), the prosecution is required to disclose to the defendant, without motion, a list of enumerated items. Disclosure under this section is limited to several categories of "material and information in the possession, custody and control of the prosecutor or persons under the prosecution's direction or control" (CPL §245.20[1]).
Once such disclosure is made, the prosecution must certify compliance with these discovery obligations by the service and filing of a COC (CPL §245.50[1]). The statute further provides that "[n]o adverse consequences to the prosecution shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in 245.80 of this Article" (Id.).
If the prosecution provides additional discovery after filing their COC but prior to trial, they must file a SCOC, detailing the additional materials (CPL §245.50[1]). In the SCOC, the prosecution must also detail the basis for the delayed disclosure so the court may evaluate whether the late disclosure affects the validity of the original COC (CPL §245.50[1]; see also CPL §245.50[5]; People v Bay, 41 NY3d 200 [2023]). The filing of a SCOC shall not affect the validity of the original COC if the COC was filed in good faith after exercising due diligence (id.).
Pursuant to CPL §30.30(1)(b), the prosecution must declare trial readiness within ninety days from the date of commencement of a misdemeanor criminal action. To properly announce trial readiness, the prosecution must certify in good faith compliance with their discovery obligations pursuant to CPL §245.20 (CPL §30.30[5]). "Absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial until it has filed a proper certificate [of compliance]" (CPL §245.50[3]). A defendant seeking dismissal pursuant to CPL §30.30 meets their initial burden by alleging that the prosecution has failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d 289, 292 [2011]).
Once the defendant has shown that there is more than ninety days of delay, the burden of proving the existence of excludable periods falls upon the prosecution (People v Berkowitz, 50 NY2d 333, 349 [1980]). The prosecution must demonstrate that the disputed adjournments are excludable by reference to a statutory provision (People v. Luperon, 85 NY2d 71, 77-78 [1995]; People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; Berkowitz, 50 NY2d at 348-350). The prosecution also bears the burden to clarify, on the record, the basis for [*3]an adjournment so that the motion court can determine to whom the adjournment should be charged (Cortes, 80 NY2d at 215-216; People v Liotta, 79 NY2d 841 [1992]; Berkowitz).
ANALYSIS
The disputed discovery in this case falls into two categories: that which was always in the Prosecution's custody and control, and that which they had to obtain from an outside source. Pursuant to CPL §245.50(1), the prosecution may validly file their COC after disclosing all items covered by subsection one of CPL §245.20; in other words, they may certify compliance after turning over the materials in their custody and control. CPL §245.20(2) demands that they make diligent, good faith efforts to ascertain the existence of, obtain, and disclose any discoverable material that is not in their custody or control, but it does not bind them to the same timeline as the automatic discovery portion of the statute contained in subsection one. Thus, their obligations are different as to the two categories: for the former — in this case, the BWC metadata — they ought to have turned it over before filing their COC; for the latter — the photos, medical records, and complainant's notes — they had to make diligent efforts to learn of their existence and turn them over before filing their COC.
The Prosecution does not dispute that they did not disclose any of the listed items before filing their COC. Rather, they dispute the impact of their omissions on their COC and SOR. On this key issue, the Court agrees with the Prosecution. Turning first to the materials contemplated by CPL §245.20(2), the Court finds that the Prosecution has demonstrated sufficient efforts to meet their obligation. As to the medical records, the Prosecution issued a subpoena well before filing their COC, within a month of the beginning of the case, and have affirmed that they will turn the records over as soon as they obtain them. This is all that is required of them (CPL §245.20[2]; see People v Rahman, 79 Misc 3d 129[A] [2023]). However, the Court does not adopt to their position that they are not required to subpoena the records at all; there are many reasons why Defendant may lack the necessary information to issue his own subpoena duces tecum, not limited to but including a lack of specific details about the complainant and their medical treatment, and authorization for release. Under the circumstances, the onus is on the Prosecution to issue a subpoena for the medical records before certifying compliance.
Regarding the materials in the complainant's possession — the photos of her injuries and the notes she took on scene — the Prosecution affirms that they made multiple requests to the complainant for materials in her possession, but that she did not initially understand she needed to share everything she had. Once Defendant apprised the Prosecution of the missing items, they worked expeditiously to obtain and disclose them. The Court finds that the Prosecution was diligent in their efforts to ascertain the existence of, obtain, and disclose the photos and the note (CPL §245.20[2]).
Lastly, the Court will address the sole item of automatic discovery missing from the Prosecution's COC, the BWC metadata. The metadata is subject to automatic discovery and was belatedly disclosed (CPL §245.20[1][e]). The question is thus whether the omission is sufficient to find that the Prosecution has failed to exercise due diligence. To assess due diligence, the Court turns to CPL §245.50(5) and People v Bay, 41 NY3d 200 (2023). Due diligence is a totality test, not an item-by-item accounting (id.). The factors by which to judge it include, but are not limited to: the efforts made by the prosecution to comply with their discovery obligations; the volume of material provided and outstanding; the complexity of the case; whether the prosecution knew the disputed material existed; how obvious the missing material would have been to a reasonably diligent prosecutor; the prosecution's explanation for the lapse [*4]and their response when apprised; whether the material was substantially duplicative, insignificant, or easily remedied; whether the omission was corrected; whether the prosecution self-reported the error and took prompt remedial action without the need for court intervention; and whether the delayed disclosure was prejudicial to the defense's ability to investigate or prepare for trial (id.).
Applying the test factors, the Court finds that the Prosecution exercised due diligence. Most importantly to the Court, they began collecting discovery shortly after the case began and turned over substantial initial discovery within just nineteen days of arraignment, comfortably before the thirty-five-day mark set forth in CPL §245.10(1)(a)(ii). They detail frequent attempts to procure materials from the police and the complainant to ensure their compliance. The volume of material they turned over plainly tips the scale in their favor as compared to the relatively tiny amount of material they overlooked. The Court is also struck by the Prosecution's cooperation and responsiveness in discovery conferrals; they acted quickly to correct their mistakes and filed a corresponding SCOC, as required by CPL §245.50(1). Although their explanation for the lapse comes down to basic human error, the law does not demand perfection, but rather good faith and fair dealing. Defendant has not presented any compelling argument that the belated discovery was prejudicial in any way, and its omission was easily remedied. The Court also notes that the Prosecution worked to address the issue in discovery conferral, and did not require Court intervention. Some of the factors cut against the Prosecution, such as the fact that they knew the metadata existed before filing their COC, the relative simplicity of the case, and how obvious the material would have been to a reasonably diligent prosecutor. However, under the totality of the circumstances, the oversight is nevertheless reasonable. The Court finds that the COC and SCOC were valid to stop the speedy trial clock.
The speedy trial clock began the day after the accusatory instrument was filed on June 15, 2025, and stopped when the Prosecution filed their COC and SOR on September 12, 2025 (People v Stiles, 70 NY2d 765 [1987]; CPL §245.50[3]). The Prosecution is charged eighty-nine days.
CONCLUSION
Because the Prosecution has not exceeded their ninety-day speedy trial limit, Defendant's motion to dismiss is denied (CPL §30.30[1][b]).
This constitutes the decision and order of the Court.
Dated: November 13, 2025
Brooklyn, NY
Hon. Joshua Glick, JCC